IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHONG NGO<br>62 Overlook Avenue<br>Lancaster, PA 17601<br><br>      Plaintiff,<br><br>    v.<br><br>R. R. DONNELLEY & SONS COMPANY<br>391 Steel Way<br>Lancaster, PA 17601<br><br>      Defendant. | Civil Action<br><br><br>No. _____<br><br>Jury Trial Demanded |

## CIVIL ACTION COMPLAINT

Plaintiff, Phong Ngo, by and through his undersigned counsel, files this Civil Action Complaint, averring as follows:

### I. Introduction

1. Plaintiff initiates this action to seek redress against Defendant, his former employer, for unlawful national origin and race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, 42 U.S.C. § 1981 and other applicable federal and state law.

### II. The Parties

2. Plaintiff is Phong Ngo, an adult individual currently residing at the above address.

3. Defendant is R. R. Donnelley & Sons Company, a corporation, created and existing pursuant to the laws of the State of Delaware, with a corporate headquarters at 111 South Wacker Drive, Chicago, IL 60606, and a place of business at the above address.

4. At all times relevant, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

### III. Jurisdiction and Venue

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## IV. Procedural and Administrative Remedies

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act as follows:

   a. On or about January 19, 2010, Plaintiff filed a timely written charge of discrimination (No. 530-2010-01016) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging race and national origin discrimination;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about February 16, 2011;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission.

14. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## V. Factual Background

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff is from Vietnam.

17. Plaintiff is Asian.

18. Plaintiff was employed by Defendant from September 26, 2009 until December 14, 2009 as a material handler.

19. While working on Press # 972, Jim Huffman, a Pressman, kicked Plaintiff.

20. Plaintiff complained to his supervisor, David Minnich, about the incident.

21. Minnich did nothing about the incident.

22. Huffman also called Plaintiff a "stupid mother fucker" and told Plaintiff to "work faster you stupid mother fucker."

23. Plaintiff was terminated for alleged safety violations.

24. All safety regulations were imposed unfairly against Plaintiff.

25. Individuals who were non-Asian and non-Vietnamese were not disciplined for similar safety regulations.

## Count I
## Title VII – National Origin Discrimination

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. The foregoing conduct by Defendant constitutes unlawful national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964.

28. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count II
### Title VII – Race Discrimination

29. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

30. The foregoing conduct by Defendant constitutes unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964.

31. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

### Count III
### Pennsylvania Human Relations Act

32. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. The foregoing conduct by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

34. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## Count IV
## Violations of 42 U.S.C. § 1981

35. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

36. At all times relevant herein, the Plaintiff maintained a contractual relationship with the Defendant (*i.e.:* an employment relationship).

37. At all times relevant herein, the Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of his race (Asian) and thereby deny him the benefits of the contractual relationship he had entered with the Defendant by disciplining him for pretextual reasons, subjecting him to harassment as a result of his race, and terminating his employment for pretextual reasons.

38. The Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### *Ad Damnum* Clause/Prayer for Relief

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his national origin and race, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their national origin

and race, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

- 8 -

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

                                Respectfully submitted,

                                KOLMAN ELY, P.C.

                                By: /s/ Timothy M. Kolman, Esquire
                                Timothy M. Kolman, Esquire
                                Wayne A. Ely, Esquire
                                Eman Abouelseoud, Esquire
                                Attorneys for Plaintiff
                                414 Hulmeville Avenue
                                Penndel, PA 19047
                                (215) 750-3134

May 18, 2011